IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANDREW JACKSON SMITH, #228 252, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-216-WHA |
| | ) | [WO] |
| PRESIDENT OBAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate in the custody of the Alabama Department of Corrections. He files this *pro se* 42 U.S.C. § 1983 action alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States are being abridged by the named defendants. Plaintiff names as defendants President Barack Obama, Governor Robert Bentley, Commissioner Jefferson Dunn, and Corizon, Inc. Plaintiff requests damages, a safe environment in prison or release of prisoners, an allowance for all reasonable forms of communication without restriction, transfer of veterans to the V.A. for diagnosis of veteran's related disabilities, and the provision of disability protection, safety, and services to the disabled. Doc. # 13. Upon review, the court concludes that dismissal prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

1

## I.  DISCUSSION

This action is before the court on Plaintiff's amended complaint. Doc. # 13. He challenges as a violation of his free speech rights the prison's: 1) limit on the number of pages an inmate may receive in a letter which contains internet information; 2) return of letters for "personal dislike[] of content"; 3) limitation on reading material; 4) refusal to transport inmates to court hearings; and 5) failure to provide storage for his legal material which he was directed to dispose of. Plaintiff also complains his right to be free from physical and mental harm has been violated because the prison's environment of "barbarism" has caused "mental deterioration of dementia symptomatology and physical ailments."  Finally, Plaintiff asserts a right to proper diagnosis of disabilities but complains the prison has failed to transport him to a medical facility for "disabling diagnosis confirmation and [ ] to provide care for those." Doc. # 13 at 3.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id*. (*citing Bell Atl. Corp*., 550 U.S. at 557).  The court's April 18, 2016, order directing Plaintiff to file an amended complaint informed him of these requirements. The April 18th order also directed Plaintiff to name as defendants only those *individuals* personally responsible for the alleged violations of his

constitutional rights and to specifically describe how each defendant named in the amended complaint acted to deprive him of his constitutional rights. *See* Doc. #7.

As noted, Plaintiff files his amended complaint against President Obama, Governor Bentley, Commissioner Dunn, and Corizon, the prison health care provider. Despite the admonitions in the court's April 18th order regarding the filing of an amended complaint, Plaintiff fails to allege what actions or omissions the named defendants took or made which allegedly resulted in a violation of his constitutional rights or which claims Plaintiff asserts against each defendant. Rather, Plaintiff's amended complaint asserts in very general terms that the "prison" has engaged in conduct which allegedly caused violations of his First and Eight Amendment rights. Missing from his contentions is any allegation the named defendants are or were personally engaged in the alleged unconstitutional conduct. *See* Doc. # 13.

As an initial matter, the court finds Plaintiff's amended complaint asserts no legal basis under which he may sue the President of the United States for the alleged unconstitutional conditions of confinement which he claims have or are occurring at the Elmore Correctional Facility, a prison administered by the Alabama Department of Corrections. Regarding Plaintiff's amended complaint against the remaining defendants, "section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). This Circuit has held that a court properly dismisses defendants where a prisoner, other than naming the defendant in the caption, states no allegations that associate the defendants with the alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the

3

complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*).  Here, Plaintiff has identified no affirmative action taken by Defendants Dunn, Bentley, or Corizon, and thus, asserts no connection between the conduct complained of and the actions of these defendant regarding the alleged unconstitutional deprivations. *See Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp.,* 550 U.S. at 570) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

To the extent the basis for Plaintiff's amended complaint against Commissioner Dunn, Governor Bentley, and Corizon is that they are responsible for the conduct of their subordinates, neither supervisory personnel nor corporate medical providers can be held liable under § 1983 for a constitutional violation of one of their subordinates via a theory of *respondeat superior* or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978) (doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also  Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."); *see also Ort v. Pinchback*, 786 F.2d 1105, 1107 (11th Cir. 1986); *accord Buckner v. Toro*, 116 F.3d 450, 452-53 (11th Cir. 1997) (finding that § 1983's municipality law is to be applied to a corporate medical provider). Because Plaintiff fails to allege much less indicate

Defendants Dunn and/or Bentley were personally involved in the constitutional violations about which he complains or a causal connection exists between their actions and the alleged constitutional violation or that Corizon's policy or procedures caused the alleged constitutional deprivations, his amended complaint against these defendants is subject to dismissal on that basis as well. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's amended complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that **on or before June 30, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 16th day of June 2016.

                                          /s/ Wallace Capel, Jr.
                                     UNITED STATES MAGISTRATE JUDGE